IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01063-MEH

ACU DEVELOPMENT, LLC,

    Plaintiff,

v.

MODERN POINT, LLC,

    Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant Modern Point, LLC's Motion to Dismiss ("Motion") (ECF 21). The matter is fully briefed, and oral argument would not materially assist the Court. For the reasons stated below, the Court will grant the Motion in part and deny it in part.

## Background

    This case arises out of a trademark dispute between the parties. Plaintiff (or "ACU") is the owner of the MODERN ACUPUNCTURE mark and brand, including several federal trademark registrations. Plaintiff uses these marks nationally for its various goods and services, including acupuncture services. Defendant (or "Modern") is the owner of the MODERN POINT ACUPUNCTURE mark and brand, which it uses for its acupuncture and therapeutic services offered near Minneapolis, Minnesota and in Boulder, Colorado.

    On January 4, 2019, Defendant sent Plaintiff a letter alleging that Plaintiff's use of the MODERN ACUPUNCTURE mark causes confusion with Defendant's MODERN POINT ACUPUNCTURE mark in Minnesota and Colorado, and demanding Plaintiff cease use of its mark

in those areas. On March 13, 2019, Defendant filed suit against Plaintiff in the United States District Court for the District of Minnesota seeking declaratory, economic, and injunctive relief.

Nearly a month later, on April 11, 2019, Plaintiff filed the present case, initially bringing claims for federal trademark infringement, violation of the Colorado Consumer Protection Act, and federal and common law unfair competition. ECF 1. On June 17, 2019, Plaintiff filed the operative Amended Complaint bringing only a single claim for declaratory judgment of non-infringement. ECF 17. Plaintiff seeks a declaration that it has priority to the MODERN ACUPUNCTURE mark and does not infringe on Defendant's MODERN POINT ACUPUNCTURE mark.

Defendant's Motion to Dismiss asks the Court to dismiss Plaintiff's Amended Complaint pursuant to the first-to-file rule. Defendant argues that because this case and the Minnesota case involve the same trademark dispute between the same parties and the Minnesota case was filed first, the Court should dismiss this case. Alternatively, Defendant requests that the Court either transfer the case to Minnesota or stay the case until the Minnesota proceedings are resolved.

## **Legal Standards**

The first-to-file rule applies "when two district courts have jurisdiction over the same controversy, affording deference to the first filed lawsuit." *Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) (unpublished); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (recognizing that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case"). The rule is a discretionary doctrine, resting on principles of comity and sound judicial administration and concerned with avoiding duplicative or piecemeal litigation or rulings that impinge on the

authority of sister courts. *Crocs, Inc. v. Cheng's Enters., Inc.*, No. 06-cv-00605-PAB-KMT, 2015 WL 5547389, at *3 (D. Colo. Sept. 21, 2015) (internal quotations omitted). Thus, "[w]hen related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Id*.

District courts applying the first-to-file rule within the Tenth Circuit have suggested the proper course is for the second-filed court to make the initial determination of whether the two actions substantially overlap. *Hubbard v. Argent Mortg. Co., LLC*, No. 15-cv-02375-WJM-CBS, 2016 WL 4537869, at *5 (D. Colo. Aug. 31, 2016); *see also Crocs, Inc.*, 2015 WL 5547389, at *3. In making this initial determination, courts analyze three factors: "(1) the chronology of events; (2) the similarity of parties; and (3) the similarity of issues." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (internal quotations omitted). Determining the chronology of events typically requires only a comparison of the dates the two complaints were filed. *Id*. As to the second factor, "[t]he parties to the two actions need not be necessarily identical;" only similarity or substantial overlap is required. *Antero Res. Corp. v. S. Jersey Res. Grp., LLC*, No. 15-cv-00656-REB-MEH, 2015 WL 13185990, at *2 (D. Colo. Oct. 22, 2015), *report and recommendation adopted*, No. 15-cv-00656-REB-MEH, 2016 WL 8578553 (D. Colo. Mar. 21, 2016). Third, "the issue[s] must only be substantially similar in that they seek like forms of relief and hinge on the outcome of the same legal/factual issues." *Id*. (internal quotations omitted). If a second-filed court decides that the two actions substantially overlap, "it may stay the case, transfer it to the first filed court, or, *in rare cases*, dismiss the case entirely." *Hubbard*, 2016 WL 4537869, at *5 (emphasis added).

3

**Discussion**

The parties agree that the first two factors of the first-to-file analysis, the chronology of events and the similarity of parties, are satisfied. They disagree as to the similarity of the issue in the present case with those in the Minnesota case. Defendant argues that the issues in the two cases are nearly identical, and a judgment in the Minnesota case would necessitate a determination of the issue in the present case. In response, Plaintiff argues that no part of this action hinges on the legal or factual issues in dispute in the Minnesota action. Although Plaintiff concedes the Minnesota case concerns a greater scope of disputed issues, Plaintiff argues that those issues do not subsume the issues in the present case.

Plaintiff, however, unsuccessfully attempts to pick apart the issue in the current case in an attempt to distinguish it from the issues contained in the Minnesota case. Upon review of the operative complaints in both cases, the Court finds the issues are "*substantially similar* in that they seek like forms of relief and hinge on the outcome of the same legal/factual issues." *Antero Res. Corp.*, 2015 WL 13185990, at *2 (emphasis added).

In the present case, Plaintiff seeks a declaratory judgment that Plaintiff has priority to the MODERN ACUPUNCTURE mark and does not infringe Defendant's MODERN POINT ACUPUNCTURE mark. ECF 17 at 13. In the Minnesota action, Defendant seeks, among other relief requested, an injunction prohibiting Plaintiff from using various MODERN ACUPUNCTURE marks in Minnesota and Colorado as well as a declaration that Defendant has priority to various MODERN POINT ACUPUNCTURE marks. ECF 17-6 at 24-25. The relief sought in the two cases are opposite sides of the same coin. Thus, although not identical, the cases seek "like forms of relief."

Further, the outcomes of both cases, if they were to proceed, hinge on the same factual issues. In the present case, Plaintiff alleges a single claim for declaratory judgment that its MODERN ACUPUNCTURE mark does not infringe Defendant's MODERN POINT ACUPUNCTURE mark. ECF 17 at 13. In the Minnesota action, Defendant makes a claim under Colorado common law for trademark infringement arguing Defendant has common law trademark rights in MODERN POINT ACUPUNCTURE and that Plaintiff's use of the MODERN ACUPUNCTURE marks constitutes trademark infringement. ECF 17-6 ¶ 100. A determination of the trademark infringement claim in the Minnesota case would require an examination of the same facts that would be considered in the present case if it were to proceed, such as the timing of the use of each mark in commerce and the confusion for the ordinary purchaser, if any, caused by the use of the various marks.

Given the above analysis, the "similarity of issues" factor is met and this case and the Minnesota case substantially overlap. *Hubbard*, 2016 WL 4537869, at *5. Due to this substantial overlap, the Court shall apply the first-to-file rule to this case.

The Court must now determine whether the appropriate relief is to stay, transfer, or dismiss this case. First, the Court finds no basis for holding that this case is the "rare" case for which dismissal is warranted. Second, the parties have already brought up the potential of a stay in this case. On September 16, 2019, Defendant filed an unopposed motion to stay the case in light of Defendant's owner's recent health issues. ECF 24. The Court granted that motion on September 19, 2019, and the case is currently stayed. ECF 25. Pursuant to that motion, "[t]he parties have agreed to stay their concurrent case pending in the District of Minnesota, *Modern Point, LLC v. ACU Development, LLC*, No. 19-cv-668-NEB-SER, due to Ms. Long's condition." ECF 24. If

5

the Court were to stay this case based on the first-to-file rule, it would sit for the pendency of the current stay in the Minnesota case and, once the case in Minnesota resumes, this case would continue to sit, stayed, awaiting an eventual disposition.  The Court fails to see the benefit to the parties of having this case sit in hibernation in this District for a period of, potentially, several years awaiting a result from Minnesota.  Thus, the Court finds that justice would be best served by the third option, transfer of this case to Minnesota.  With both cases in one court, the presiding judicial officer will be in a better position to consider staying this case from a judicial efficiency perspective.  Transfer also will enable the receiving court to consider the appropriateness of consolidating these two matters.

## **Conclusion**

Accordingly, in the interests of comity and judicial efficiency, to avoid the waste of duplication and piecemeal resolution of the dispute between these two parties, Defendant's Motion to Dismiss [filed July 26, 2019; ECF 21] is **granted in part and denied in part**.  This case shall be transferred to the United States Court for the District of Minnesota where the first filed case between these parties is currently pending.

SO ORDERED.

Entered and dated at Denver, Colorado, this 30th day of September, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge